# LAW OFFICE OF MICHAEL H. JOSEPH, P.L.L.C.
## 18 West 33rd Street, 4th Floor
## New York, N.Y. 10001

Members:
Michael H. Joseph, Esq.

Associates:
John V. Tait, Esq.

**Tel: (212) 858-0503**
**Fax: (914) 358-5379**
E-Mail: john@newyorktriallawyers.org
Websites: www.newyorktriallawyers.org

Of Counsel:
Clifford S. Nelson, Esq.
Joseph Ramirez, Esq.

June 13, 2024

Via PACER ECF
Hon. Jesse M. Furman
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

Application DENIED as moot, in light of Defendant's representation that it "is willing to produce Mr. Bedford for his deposition on the afternoon of Tuesday, June 18, 2024." ECF No. 29.  The Court will not hesitate to impose sanctions for future actions by either party to impede the opposing side's access to a witness.  The Clerk is directed to terminate ECF No. 28.

SO ORDERED.

June 14, 2024

Re: Nina Hutson v. Home Depot U.S.A., Inc.
Case No.: 1:23-cv-08914-JMF

Dear Honorable Jesse M. Furman,

Please allow this correspondence to clarify the issue of the non-responsiveness of fact witness Alex Bedford to the subpoena for his deposition as referenced in yesterday's letter from Mr. Dougherty, of Aaronson Rappaport Feinstein & Deutsch, LLP ("Aaronson Rappaport"), counsel for Home Depot.

As discussed at the last conference, the only Home Depot employee to witness the incident was Mr. Alex Bedford.  After the conference, on May 30, 2024, Home Depot's counsel represented to us that "We will contact and produce Alex Bedford in compliance with the Court's Order." Thereafter, we agreed to conduct Mr. Bedford's deposition on June 7, 2024.

As shown by the attached emails between counsel, on June 7, 2024, the day of the scheduled deposition, we were informed that "Unfortunately, Alex Bedford's deposition will not be moving forward today. Despite our repeated attempts to schedule the deposition, Mr. Bedford appears to now be unresponsive." We responded to the last-minute cancellation of the deposition and requested the status of Mr. Bedford's employment with Home Depot.  We were informed for the first time that "Alex Bedford is no longer employed at the store. I will accept the subpoena on Alex Bedford's behalf."

We responded to Home Depot's counsel's agreement to accept service of a subpoena on behalf of its former employee, by stating:

> Not sure that would work.  He would have had to agree to allow you to accept the subpoena on his behalf, otherwise, I can't move to enforce it.  It may also put you in an uncomfortable position when he gets compelled to appear in court, and he claims that he never received the subpoena and/or that he did not authorize you to accept service.
>
> It would probably be best just sending me his last known address, and I'll have my investigator serve him.

Home Depot's counsel refused to provide Mr. Bedford's last known address.  Instead, it instructed us <u>not</u> to contact Mr. Bedford by claiming Aaronson Rappaport represents him:

> I certainly appreciate it.  Being that we represent Alex Bedford in this case, we cannot consent to any contact with him nor his father from or through your office, including from your investigator.
>
> We will accept service of the subpoena on Mr. Bedford's behalf.

The undersigned responded by reminding Home Depot that the authority to accept service of a nonparty subpoena must come from the nonparty.  Specifically, Home Depot's attorneys were advised that: "Alex is not a party to this lawsuit, but if you send me the signed retainer from him, I'll certainly accept that as your authority to accept the subpoena."

Rather than sending the retainer agreement (or any other document confirming Mr. Bedford's agreement to be represented by Aaronson Rappaport), Home Depot's counsel again alleged:

> Even though Mr. Bedford is not specifically named as a party to the lawsuit, we represent him and have authority to accept the subpoena on his behalf.  I will also continue my attempts at scheduling the deposition before the deadline.

Later that same day (June 7, 2024), the undersigned sent a subpoena to Aaronson Rappaport requiring Mr. Bedford to appear for his deposition on June 12, 2024 at 2:30 p.m. at our offices. The first (and only) notice we received that Mr. Bedford would not appear for his deposition as per the subpoena, was when we received the letter which Home Depot filed on ECF yesterday -- the morning of the scheduled deposition -- claiming "production of the requested witness has become impossible through no fault of Home Depot." [Dkt. 27].

     Whereas Home Depot claims in its letter that it has been unable to produce Mr. Bedford for a deposition, despite unidentified "countless reasonable and good faith attempts" – and through "no fault of Home Depot" -- it neglected to mention that Home Depot refused (and continues to refuse) to provide Mr. Bedford's last known address; claims that it represents Mr. Bedford in this matter; and has warned plaintiff from contacting Mr. Bedford or his family as "he is represented" in this matter by Aaronson Rappaport.

     We respectfully request a hearing before your Honor to discuss appropriate sanctions against Mr. Bedford for failing to appear at his subpoenaed deposition, as well as necessary enforcement actions. As he is represented by Aaronson Rappaport in this matter, notice of the hearing *via* ECF should be sufficient notice to Mr. Bedford.

                            Respectfully Yours,

                 LAW OFFICE OF MICHAEL H. JOSEPH, PLLC

                            John V. Tait



J Tait <john@newyorktriallawyers.org>

### Re: 670.028: HUTSON, NINA v. HOME DEPOT U.S.A., INC. / Re: Defendant Deposition
1 message

**J Tait** <john@newyorktriallawyers.org>  Fri, Jun 7, 2024 at 5:34 PM
To: padougherty@arfdlaw.com

Patrick,
I left you a message.  I can't do Wednesday morning, but perhaps after 2:30.  I've attached the subpoena.
Let me know if you accept it via email.
Thanks,
John

On Fri, Jun 7, 2024 at 12:41 PM Patrick A. Dougherty <padougherty@arfdlaw.com> wrote:

> Dear John,
>
> Even though Mr. Bedford is not specifically named as a party to the lawsuit, we represent him and have authority to accept the subpoena on his behalf.
>
> I will also continue my attempts at scheduling the deposition before the deadline.  We are currently targeting Wednesday – will that work on your end?
>
> **Patrick A. Dougherty, Esq.**
> **Direct:** (212) 593-6539  |  **Fax:** (212) 593-6970
> **E-mail:** padougherty@arfdlaw.com
>
> 
>
> 600 Third Avenue, 5th Floor  |  New York, NY 10016
>
> CONFIDENTIALITY NOTICE:
> This message is a PRIVATE COMMUNICATION. This message and all attachments are a private communication sent by a law firm, and are confidential and/or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or any use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of your receipt of this message in error by replying to this message upon receipt. Thereafter, you are required to delete any and all copies of this message and any attachment and return any hard copies of the materials contained therein to the sender. The receipt in error of this message and any attachment is not a waiver of the various privilege(s) attached to this communication.
>
> **From:** J Tait <john@newyorktriallawyers.org>
> **Sent:** Friday, June 7, 2024 12:03 PM
> **To:** Patrick A. Dougherty <padougherty@arfdlaw.com>
> **Subject:** Re: 670.028: HUTSON, NINA v. HOME DEPOT U.S.A., INC. / Re: Defendant Deposition
>
> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.
>
> Alex is not a party to this lawsuit, but if you send me the signed retainer from him, I'll certainly accept that as your authority to accept the subpoena.
>
> On Fri, Jun 7, 2024 at 11:46 AM Patrick A. Dougherty <padougherty@arfdlaw.com> wrote:
>
>> Dear John,
>>
>> I certainly appreciate it.  Being that we represent Alex Bedford in this case, we cannot consent to any contact with him nor his father from or through your office, including from your investigator.
>>
>> We will accept service of the subpoena on Mr. Bedford's behalf.

**Patrick A. Dougherty, Esq.**
**Direct:** (212) 593-6539  |  **Fax:** (212) 593-6970
**E-mail:** padougherty@arfdlaw.com



600 Third Avenue, 5th Floor  |  New York, NY 10016

CONFIDENTIALITY NOTICE:
This message is a PRIVATE COMMUNICATION. This message and all attachments are a private communication sent by a law firm, and are confidential and/or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or any use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of your receipt of this message in error by replying to this message upon receipt. Thereafter, you are required to delete any and all copies of this message and any attachment and return any hard copies of the materials contained therein to the sender. The receipt in error of this message and any attachment is not a waiver of the various privilege(s) attached to this communication.

**From:** J Tait <john@newyorktriallawyers.org>
**Sent:** Friday, June 7, 2024 9:56 AM
**To:** Patrick A. Dougherty <padougherty@arfdlaw.com>
**Subject:** Re: 670.028: HUTSON, NINA v. HOME DEPOT U.S.A., INC. / Re: Defendant Deposition

> **_CAUTION_:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Not sure that would work.  He would have had to agree to allow you to accept the subpoena on his behalf, otherwise, I can't move to enforce it.  It may also put you in an uncomfortable position when he gets compelled to appear in court, and he claims that he never received the subpoena and/or that he did not authorize you to accept service.

It would probably be best just sending me his last known address, and I'll have my investigator serve him.

John

On Fri, Jun 7, 2024 at 9:49 AM Patrick A. Dougherty <padougherty@arfdlaw.com> wrote:

> Dear John,
>
> Alex Bedford is no longer employed at the store.  I will accept the subpoena on Alex Bedford's behalf – can please you email it to me?
>
> **Patrick A. Dougherty, Esq.**
> **Direct:** (212) 593-6539  |  **Fax:** (212) 593-6970
> **E-mail:** padougherty@arfdlaw.com
>
> 
>
> 600 Third Avenue, 5th Floor  |  New York, NY 10016
>
> CONFIDENTIALITY NOTICE:
> This message is a PRIVATE COMMUNICATION. This message and all attachments are a private communication sent by a law firm, and are confidential and/or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or any use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of your receipt of this message in error by replying to this message upon receipt. Thereafter, you are required to delete any and all copies of this message and any attachment and return any hard copies of the materials contained therein to the sender. The receipt in error of this message and any attachment is not a waiver of the various privilege(s) attached to this communication.
>
> **From:** J Tait <john@newyorktriallawyers.org>
> **Sent:** Friday, June 7, 2024 9:17 AM
> **To:** Patrick A. Dougherty <padougherty@arfdlaw.com>
> **Subject:** Re: 670.028: HUTSON, NINA v. HOME DEPOT U.S.A., INC. / Re: Defendant Deposition

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Thanks for the heads up.  Is he still employed there, or should I get a subpoena out?

John

On Fri, Jun 7, 2024 at 8:05 AM Patrick A. Dougherty <padougherty@arfdlaw.com> wrote:

> Dear John,
>
> I hope all is well with you.  Unfortunately, Alex Bedford's deposition will not be moving forward today.
>
> Despite our repeated attempts to schedule the deposition, Mr. Bedford appears to now be unresponsive.
>
> **Patrick A. Dougherty, Esq.**
> **Direct:** (212) 593-6539  |  **Fax:** (212) 593-6970
> **E-mail:** padougherty@arfdlaw.com
>
> 
>
> 600 Third Avenue, 5th Floor  |  New York, NY 10016
>
> CONFIDENTIALITY NOTICE:
> This message is a PRIVATE COMMUNICATION. This message and all attachments are a private communication sent by a law firm, and are confidential and/or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or any use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of your receipt of this message in error by replying to this message upon receipt. Thereafter, you are required to delete any and all copies of this message and any attachment and return any hard copies of the materials contained therein to the sender. The receipt in error of this message and any attachment is not a waiver of the various privilege(s) attached to this communication.
>
> **From:** J Tait <john@newyorktriallawyers.org>
> **Sent:** Monday, June 3, 2024 1:57 PM
> **To:** Patrick A. Dougherty <padougherty@arfdlaw.com>
> **Subject:** Re: 670.028: HUTSON, NINA v. HOME DEPOT U.S.A., INC. / Re: Defendant Deposition
>
> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.
>
> Let's go with 2 p.m.  Hopefully I should be done by then.
>
> On Mon, Jun 3, 2024 at 1:42 PM Patrick A. Dougherty <padougherty@arfdlaw.com> wrote:
>
>> Dear John,
>>
>> I'll confirm with the witness if you think that we would have enough time after 2-3 on Friday.  Entirely your call.
>>
>> **Patrick A. Dougherty, Esq.**
>> **Direct:** (212) 593-6539  |  **Fax:** (212) 593-6970
>> **E-mail:** padougherty@arfdlaw.com
>>
>> 
>>
>> 600 Third Avenue, 5th Floor  |  New York, NY 10016

CONFIDENTIALITY NOTICE:
This message is a PRIVATE COMMUNICATION. This message and all attachments are a private communication sent by a law firm, and are confidential and/or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or any use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of your receipt of this message in error by replying to this message upon receipt. Thereafter, you are required to delete any and all copies of this message and any attachment and return any hard copies of the materials contained therein to the sender. The receipt in error of this message and any attachment is not a waiver of the various privilege(s) attached to this communication.

**From:** J Tait <john@newyorktriallawyers.org>
**Sent:** Monday, June 3, 2024 10:47 AM
**To:** Patrick A. Dougherty <padougherty@arfdlaw.com>
**Subject:** Re: 670.028: HUTSON, NINA v. HOME DEPOT U.S.A., INC. / Re: Defendant Deposition

*CAUTION:* This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

I have a dep in the morning (I'm defending) but I should be done by 2-3.

John

On Mon, Jun 3, 2024 at 9:29 AM Patrick A. Dougherty <padougherty@arfdlaw.com> wrote:

> Good morning John,
>
> Do you have any availability for Alex Bedford's deposition on Friday (6/7)?
>
> Thank you.
>
> **Patrick A. Dougherty, Esq.**
> **Direct:** (212) 593-6539  |  **Fax:** (212) 593-6970
> **E-mail:** padougherty@arfdlaw.com
>
> 
>
> 600 Third Avenue, 5th Floor  |  New York, NY 10016
>
> CONFIDENTIALITY NOTICE:
> This message is a PRIVATE COMMUNICATION. This message and all attachments are a private communication sent by a law firm, and are confidential and/or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or any use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of your receipt of this message in error by replying to this message upon receipt. Thereafter, you are required to delete any and all copies of this message and any attachment and return any hard copies of the materials contained therein to the sender. The receipt in error of this message and any attachment is not a waiver of the various privilege(s) attached to this communication.
>
> **From:** Patrick A. Dougherty
> **Sent:** Thursday, May 30, 2024 8:45 AM
> **To:** J Tait <john@newyorktriallawyers.org>
> **Subject:** RE: 670.028: HUTSON, NINA v. HOME DEPOT U.S.A., INC. / Re: Defendant Deposition
>
> Dear John,
>
> We will contact and produce Alex Bedford in compliance with the Court's Order.

**Patrick A. Dougherty, Esq.**
**Direct:** (212) 593-6539 | **Fax:** (212) 593-6970
**E-mail:** padougherty@arfdlaw.com



600 Third Avenue, 5th Floor | New York, NY 10016

CONFIDENTIALITY NOTICE:
This message is a PRIVATE COMMUNICATION. This message and all attachments are a private communication sent by a law firm, and are confidential and/or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or any use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of your receipt of this message in error by replying to this message upon receipt. Thereafter, you are required to delete any and all copies of this message and any attachment and return any hard copies of the materials contained therein to the sender. The receipt in error of this message and any attachment is not a waiver of the various privilege(s) attached to this communication.

**From:** J Tait <john@newyorktriallawyers.org>
**Sent:** Wednesday, May 29, 2024 5:24 PM
**To:** Patrick A. Dougherty <padougherty@arfdlaw.com>
**Subject:** Re: 670.028: HUTSON, NINA v. HOME DEPOT U.S.A., INC. / Re: Defendant Deposition

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Yes, that is correct.

John

On Wed, May 29, 2024 at 10:13 AM Patrick A. Dougherty <padougherty@arfdlaw.com> wrote:

> John,
>
> Please give me a call at your earliest opportunity.
>
> Can you please confirm who you want to depose? Is it correct that you want to depose only the employee who assisted Ms. Hutson at the radial arm saw before the claimed fall and not the manager who assisted her afterward?
>
>
> **Patrick A. Dougherty, Esq.**
> **Direct:** (212) 593-6539 | **Fax:** (212) 593-6970
> **E-mail:** padougherty@arfdlaw.com
>
> 
>
> 600 Third Avenue, 5th Floor | New York, NY 10016
>
> CONFIDENTIALITY NOTICE:
> This message is a PRIVATE COMMUNICATION. This message and all attachments are a private communication sent by a law firm, and are confidential and/or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or any use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of your receipt of this message in error by replying to this message upon receipt. Thereafter, you are required to delete any and all copies of this message and any attachment and return any hard copies of the materials contained therein to the sender. The receipt in error of this message and any attachment is not a waiver of the various privilege(s) attached to this communication.
>
> **From:** Patrick A. Dougherty
> **Sent:** Tuesday, May 28, 2024 3:39 PM
> **To:** john@newyorktriallawyers.org
> **Subject:** RE: 670.028: HUTSON, NINA v. HOME DEPOT U.S.A., INC. / PDF copy: HUTSON - PRETRIAL CONFERENCE JOINT STATUS LETTER, 5.23.24
>
> Dear John,